■ ROBERT V. DOWELL et al., Appellants, v. HARRY T. REMMER, JR., et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: We made it clear in *Jenks* v. *Murphy* (21 A D 2d 346) that an application for a stenographic transcript of the trial proceedings to be furnished at the expense of a county (CPLR 1102, subd. [b]) should be made in the first instance to the trial court. If acted upon favorably a further application then could be made to this court for permission to proceed on a single copy of the record and five typewritten briefs. In what might be construed as

an attempt to circumvent that holding appellants moved by notice of motion dated March 11, 1965 and returnable in this court on March 31, 1965 for permission to appeal on one record and typewritten briefs. The affidavits were ambiguously worded and therefrom it might have been concluded that appellants had ordered and purchased a copy of the trial minutes. Instead appellants by another notice of motion also dated March 11, 1965 and returnable April 7, 1965 applied to a term of Supreme Court for permission to proceed as poor persons pursuant to article 11 of CPLR. Such a motion should have been referred in the first instance to the Justice who presided at the trial. Moreover, the application was defective in that notice thereof was not given to the defendants. While CPLR 1102 (subd. [b]) mandates such notice to the appropriate County Attorney, CPLR 1101 (subd. [c]) requires that similar notice be given to "all parties" if an action has been commenced. The questionable practice here pursued resulted in the precise situation condemned in the *Jenks* case (*supra*). Appellants by artful timing of their respective motions went before Special Term in possession of an order of this court permitting an appeal on a single record and typewritten briefs. Such was obtained by not revealing to this court that a motion was pending to proceed as a poor person. If such had been done we would have withheld decision until that motion was decided. Implicit in our decision in the companion case (*Dowell* v. *Remmer*, 24 A D 2d 542, decided herewith) is a finding that there was merit to the appeal but we conclude that appellants have forfeited their right to favorable action on this appeal. (Appeal from order of Oneida Special Term, denying plaintiffs' motion to proceed as poor persons in prosecuting their appeal.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.